IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEROY COOK,                              :
                                         :
                Petitioner,              :
                                         :
        v.                               :          Civil Action No.13-465-RGA
                                         :
DAVID PIERCE, Warden, and                :
ATTORNEY GENERAL OF THE                  :
STATE OF DELAWARE,                       :
                                         :
                Respondents.[1]          :

---

## MEMORANDUM OPINION

Leroy Cook. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

February _____20_____, 2014

---

[1]Warden David Pierce replaced Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Leroy Cook's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1; D.I. 2; D.I. 3)  The State filed an Answer in opposition, contending that the Petition should be dismissed as time-barred. (D.I. 15)  For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I.    BACKGROUND

In 1995, Petitioner began engaging in sexual intercourse with a ten-year old child referred to in this case as "V.B." (D.I. 15 at 1)  V.B. became pregnant with Petitioner's child when she was fifteen years old, and the child was born on September 2, 2001.  At the time of impregnation, Petitioner was twenty-eight years old. *Id.*

Wilmington police arrested Petitioner on September 19, 2006. *Id.*  Petitioner was originally indicted on November 27, 2006 and charged with five counts of second degree rape and one count of continuous sexual abuse of a child. *Id.* at 2.  On November 26, 2007, an amended indictment charged Petitioner with the same offenses but changed the dates for the rape counts, and added five counts of first degree unlawful sexual intercourse related to the earlier period of misconduct.  On January 8, 2008, Petitioner pled guilty to a single count of second degree rape, in exchange for which the State dismissed the balance of the indictment.  As part of the plea agreement, the State also agreed to refrain from moving to sentence Petitioner as an habitual offender, and promised not to recommend more than a ten-year prison sentence.  On March 14, 2008, the Superior Court sentenced Petitioner to twenty-five years at Level V, suspended after twelve years for decreasing levels of supervision.  Petitioner did not appeal. *Id.*

1

On October 29, 2008, Petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied on May 20, 2009. (D.I. 17, Super. Ct. Crim. Dkt.) The Delaware Supreme Court affirmed that decision. *See Cook v. State*, 991 A.2d 17 (Table), 2010 WL 682545 (Del. Feb. 26, 2010). Petitioner filed his second Rule 61 motion on April 13, 2010, which was denied on April 21, 2010. *See State v. Cook*, 2010 WL 2244372 (Del. Super. Ct. April 21, 2010). The Delaware Supreme Court affirmed that decision on September 14, 2010, and denied Petitioner's motion for reargument *en banc* on October 1, 2010. *See Cook v. State*, 5 A.3d 629 (Table), 2010 WL 3565495 (Del. Oct. 1, 2010). Petitioner filed a third Rule 61 motion on October 19, 2010, which the Superior Court denied on January 28, 2011. *See State v. Cook*, 2011 WL 2163584 (Del. Super. Ct. Jan. 28, 2011). The Delaware Supreme Court affirmed that decision on March 10, 2011. *See Cook v. State*, 15 A.3d 216 (Table), 2011 WL 880847 (Del. Mar. 10, 2011). Petitioner filed a fourth Rule 61 motion on November 7, 2011, and a fifth Rule 61 motion on August 16, 2012. The Superior Court denied both motions, and the Delaware Supreme Court affirmed those decisions. *See State v. Cook*, 2012 WL 1415627 (Del. Super. Ct. Feb. 24, 2012); *Cook v. State*, 49 A.3d 1192 (Table), 2012 WL 3096623 (Del. July 30, 2012); *State v. Cook*, 2012 WL 5384195 (Del Super. Ct. Aug. 21, 2012);

*Cook v. State*, 58 A.3d 982 (Table), 2012 WL 6155911 (Del. Dec. 10, 2012).

## II.   DISCUSSION

In March 2013, Petitioner filed the § 2254 Petition presently pending before this Court. The Petition asserts one ineffective assistance of counsel claim and one claim that the indictment and its amendment were illegal. The State contends that the Court should deny the Petition as time-barred.

## A. Statute of Limitations

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by

state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling.

*See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory

tolling).

Here, Petitioner does not allege, and the Court cannot discern, any facts triggering the

application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of

limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the

judgment of conviction becomes final, and the statute of limitations begins to run, on the date on

which the time for seeking direct review in state court expires. *See Kapral v. United States*, 166

F.3d 565, 577 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case,

Petitioner did not file a direct appeal. As such, his judgment of conviction became final on April

14, 2008, thirty days after he was sentenced.[1]  Applying the one-year limitations period to that date, Petitioner had until April 15, 2009 to timely file a habeas petition.  Petitioner, however, did not file the instant Petition until March 18, 2013,[2] approximately four years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled.  *See Jones,* 195 F.3d at 158.  The Court will discuss each doctrine in turn.

### 1. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period.  *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000).  As set forth below, only three of Petitioner's five Rule 61 motions tolled the limitations period.

Petitioner filed his first Rule 61 motion on October 29, 2008; at this point in time, 197 days of AEDPA's limitations period had already expired.  The first Rule 61 motion tolled the limitations period through February 26, 2010, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion.

---

[1]The thirty day period actually expired on April 13, 2008, a Sunday.  Therefore, the appeal period extended through the end of the next day, April 14, 2008.  *See* Del. Sup. Ct. R. 11(a).

[2]Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (March 18, 2013) as the date of filing.  *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

4

The limitations clock started to run again on February 27, 2010,[3] and ran another forty-five days until Petitioner filed his second Rule 61 motion on April 13, 2010. The second Rule 61 motion tolled the limitations period through October 1, 2010, when the Delaware Supreme Court denied *en banc* Petitioner's motion to reargue the Delaware Supreme Court's affirmance of the Superior Court's denial of the second motion.

The limitations clock started to run again on October 2, 2010, and ran another seventeen days until Petitioner filed his third Rule 61 motion on October 19, 2010. The third Rule 61 motion tolled the limitations through March 10, 2011, the date on which the Delaware Supreme Court affirmed the Superior Court's decision.

When the limitations clock started to run again on March 11, 2011, a total of 259 days of the limitations period had expired. The limitations clock ran for the remaining 106 days of the limitations period without interruption until it expired at the end of June in 2011.

Petitioner's fourth and fifth Rule 61 motions, filed on November 7, 2011 and August 2012, were filed after the expiration of AEDPA's limitations period. Therefore, these two motions did not have any statutory tolling effect.

Thus, even after accounting for the statutory tolling triggered by Petitioner's first three Rule 61 motions, the instant Petition was not timely filed. Accordingly, the Petition must be dismissed as time-barred, unless equitable tolling is available.

### 2. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2)

---

[3]The tolling effectuated by a properly filed Rule 61 motion does not include the time a petitioner has to seek review of the Delaware Supreme Court's post-conviction decision by filing a petition for a writ of certiorari to the United States Supreme Court. *See Swartz*, 204 F.3d at 421 n. 5.

some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*

Petitioner does not allege, and the Court cannot discern, that any extraordinary circumstances prevented him from filing his Petition in a timely manner. In fact, Petitioner explicitly disavows any need to invoke equitable tolling because he contends that his five Rule 61 motions statutorily tolled the limitations period enough to render his Petition timely. As just demonstrated, Petitioner's statutory tolling analysis is incorrect. Petitioner's mistake does not constitute a reason for equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

Before closing, the Court notes that Petitioner appears to believe that he may have procedurally defaulted his ineffective assistance of counsel claim, and raises an argument under *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012) as to why the Court should excuse that default. To the extent the Court should liberally construe Petitioner's *Martinez* argument as asserting a basis for equitable tolling, the argument is unavailing. By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period.

For all of these reasons, the Court concludes that the equitable tolling doctrine does not apply in this case. Accordingly, the Court will dismiss the instant Petition as time-barred.

## B. Pending Motions

Petitioner filed two motions during the pendency of this proceeding: a motion to expand the record and a motion to stay the case. (D.I. 18;  D.I. 20)  Having already concluded that the Petition is time-barred, the Court will deny these two motions as moot.

## III.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011);  28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred.  Reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court will not issue a certificate of appealability.

## IV.   CONCLUSION

For the reasons discussed, the Court concludes that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is time-barred.  Therefore, the Petition is denied. An appropriate Order will be entered.